FILED
DISTRICT COURT OF GUAM
APR 28 2005
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| LUIS A. DEVERA,<br><br>    Plaintiff,<br><br>v.<br><br>DOLORES GARCIA, et al.,<br><br>    Defendants. | CV 04-00026<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 8, 2005 ORDER** |

On March 31, 2005 Plaintiff Luis Devera ("Plaintiff") brought a Motion for Reconsideration of the Court's March 8, 2005 Order. Defendants Dolores Garcia ("Garcia") and GovGuam Association of Retired Persons, Inc. ("GGARP") filed an Opposition on April 8, 2005. On April 11, 2005, Plaintiff filed a Reply. No hearing date was set for this

1

motion. Pursuant to Guam Local Rule 7.1(e)(1) the Court issues a ruling on the papers. Having considered all papers and argument submitted, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

## I. INTRODUCTION

Plaintiff brings this motion for reconsideration, claiming that the Court failed to consider certain material facts in making its decision to grant summary judgment for Defendants Garcia and GGARP on the basis that they are not stat actors who can be liable under Section 1983 for violations of constitutional rights.

## II. DISCUSSION

### A. Legal Standard: Motion for Reconsideration

Guam Local Rule 7.1(i) states that a motion for reconsideration of the decision on any motion may be made only on the grounds of: (1) a material difference in fact or law from that presented to the Court before such decision in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; or (2) the emergence of new material facts or a change of law; or (3) a manifest showing of failure to consider material facts presented to the Court before such decision. GU L.R. 7.1(i).

Federal Rule of Civil Procedure 54(b) also allows a

court to reconsider an order at any time prior to the entry of final judgment. This authority was articulated by the Ninth Circuit in Balla v. Idaho State Board of Corrections, 869 F.2d 461 (9th Cir. 1989). In Balla, the Court found that:

> Courts have inherent power to modify their interlocutory orders before entering a final judgment. (Citation omitted). In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders. See Fed. R. Civ. P. 54(b) (any order which is not certified under Rule 54(b)

**B. Analysis**

Although Plaintiff does not initially bring this motion pursuant to any rules, in his Reply Plaintiff asserts that the basis for reconsideration is that the Court failed to consider certain material facts in making its decision.

Plaintiff brings this motion on five grounds: (1) the recital of facts was inaccurate; (2) the acts of the Defendants in calling and asking the police to stop the peaceful meeting and arrest the Plaintiff is clearly a "state action;" (3) the subsequent brutal treatment of the Plaintiff by the Guam police is the direct consequence of constitutional violations by the Defendants; (4) the principle of conspiracy must and should be applied in this case is such that the act of one is the act of all; and (5)

3

the Defendants did not just make a phone call to the police but made a false complaint that Plaintiff was committing disorderly conduct at the Center and asked the police officers (other Defendants) to stop the peaceful meeting and arrest him.

In support of such argument, Plaintiff lists seven facts, which he contends were disregarded by the Court. They are as follows:

1. Plaintiff is not just a member of the Dededo Senior Center but the duly elected Vice President.

2. The concerns about the control and custody of senior funds is not just the Plaintiff's concern, but those of the entire membership of the Center who signed the Unnumbered Resolution, Ex. 6.

3. The meeting of March 12, 2004 was solely about Exhibit 6 and not for birthday celebrations as falsely described by Defendant Dolores Garcia.

4. The said meeting was peaceful and orderly, as attested to by Rosario Dizon, Dededo Senior Council President, Lucila Morton, former treasurer, Nicomedes Andrada and Felipe Caguioa, peace officers and six other seniors (Exs. 6, 7, 8, 9.) Hence, there was absolutely no reason or justification for the Defendants

4

to call the police and have the Plaintiff arrested while exercising his constitutional rights.

5. Garcia, in her own handwriting, stated in the GovGuam Association of Retired Persons Incident Report Form regarding the incident of March 12, 2004 that she, after consulting with her superiors, called the police to stop and arrest the Plaintiff.

6. The Service Contract between the defendant GGARP and the DPHSS specifically and expressly provides under -

"SPECIAL TERMS AND CONDITIONS -

b. The proposer agrees to accept appointment as Service Provider to the DPHSS, providing its best efforts in its performance of duties in a responsible manner, in accordance with all applicable laws, rules, regulations and policies of both the United States Government [and] Government of Guam."

(Contract, p. 34.)

The contract further expressly allows the seniors to meet at least once a month to discuss Center activities, problems or concerns, and solutions.

5

7. The statement of the Plaintiff that he did not see Defendant Garcia when the police arrived at the Center could not, in no way, negate the fact that the Defendant asked the police to arrest the Plaintiff.

The Court finds, however, that these facts have no bearing on the summary judgment motion at issue. In granting the motion for summary judgment as to Defendants GGARP and Garcia, the Court found that there was no state action, as Defendants Garcia and GGARP were private actors. These facts, even if new which arguably they are not, do not change the fact that state action does not exist as to these two Defendants.

As previously articulated in the Court's March 8, 2005 Order, despite government funding, the contract between GGARP and DPHSS, and Defendant Garcia's phone call to the police, state action does not exist here. The Court also found that there is no nexus to the state, no compulsion by the state, no joint action with the state, and that the GGARP is not performing a function traditionally and exclusively performed by the state. Since these facts do not alter the application of constitutional law, they are not material to the Court's decision.

Here, facts such as: (1) Devera is not merely a member of the Center but its Vice President; (2) the concerns over custody of the Center are not just Devera's but those of the

6

entire Center membership; (3) the March 12, 2004 meeting was only about fund custody, not birthday celebrations; (4) the meeting was peaceful; and (5) the Defendants did not just make a phone call, but made a false complaint have no constitutional significance to a state action determination.

Plaintiff's only argument directed at a finding of state action is his statement that "the acts of the Defendants in calling and asking the police to stop the peaceful meeting and arrest the Plaintiff is clearly a 'state action.'" However, the Court already held in its March 8, 2005 Order, that a mere phone call to the police for assistance without more does not create state action under the joint action test, as it is insufficient to create a conspiracy for a Section 1983 claim.

Plaintiff offers no new facts to suggest that by making the phone call, Defendants Garcia and the GGARP had control of the police officers decision to arrest. This is the same argument previously made by Plaintiff, which the Court found does not constitute state action under Ninth Circuit case law. Accordingly, the Court's finding that there is no state action still stands.

//
//
//
//
//

7

## IV. CONCLUSION

Because the Plaintiff fails to make a manifest showing of the Court's failure to consider material facts presented to the Court before issuing the March 8, 2005 Order, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

_____
**RONALD S.W. LEW**[1]
Designated District Judge

DATED: April 27, 2005

Notice is hereby given that this document was entered on the docket on APR 2 8 2005.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ APR 2 8 2005
Deputy Clerk      Date

---

[1] The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.